# EXHIBIT A

**INDEX TO EXHIBIT A**


| | |
|---|---|
| 1. | Register of Action |
| 2. | Class Action Complaint |
| 3. | Summons on Complaint |
| 4. | Civil Case Cover Sheet |
| 5. | Alternative Dispute Resolution Information Package |
| 6. | First Amended General Order |
| 7. | Voluntary Efficient Litigation Stipulations |
| 8. | Notice of Case Assignment |
| 9. | Initial Status Conference Order<br>(Complex Litigation Program) |
| 10. | Minute Order Re: Newly Filed Class Action |
| 11. | Certificate of Mailing of Initial Status Conference Order and Minute Order Re: Newly Filed Class Action |
| 12. | First Amended Class Action Complaint |
| 13. | Proof of Service of Summons and original Complaint |

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 23STCV27370

ESPERANZA REYES RENDON, N VS T-MOBILE USA INC.

**Filing Courthouse:** Spring Street Courthouse

**Filing Date:** 11/07/2023
**Case Type:** Other Commercial/Business Tort (not fraud/ breach of contract) (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**04/19/2024** at 10:00 AM in Department 14 at 312 North Spring Street, Los Angeles, CA 90012
Initial Status Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

GOMEZ ALVIN MARK - Attorney for Plaintiff

REYES RENDON ESPERANZA - Plaintiff

T-MOBILE USA INC. - Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Documents Filed (Filing dates listed in descending order)

**01/31/2024** Proof of Personal Service
Filed by Esperanza Reyes Rendon (Plaintiff)

**01/29/2024** First Class Action Complaint
Filed by Esperanza Reyes Rendon, n (Plaintiff)

**12/06/2023** Certificate of Mailing for ((Court Order Re. Newly Filed Class Action;) of 12/06/2023, Initial Status Conference Order)
Filed by Clerk

**12/06/2023** Minute Order ( (Court Order Re. Newly Filed Class Action;))
Filed by Clerk

**12/06/2023** Initial Status Conference Order
Filed by Clerk

**11/07/2023** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**11/07/2023** Voluntary Efficient Litigation Stipulation Packet
Filed by Clerk

**11/07/2023** First Amended General Order re: Mandatory Electronic Filing
Filed by Clerk

**11/07/2023** Alternate Dispute Resolution Packet
Filed by Clerk

**11/07/2023** Civil Case Cover Sheet
Filed by Esperanza Reyes Rendon, n (Plaintiff)

**11/07/2023** Summons (on Complaint)
Filed by Esperanza Reyes Rendon, n (Plaintiff)

**11/07/2023** Class Action Complaint
Filed by Esperanza Reyes Rendon, n (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

**12/06/2023** at 08:48 AM in Department 14, Kenneth R. Freeman, Presiding
Court Order

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**01/31/2024** Proof of Personal Service; Filed by: Esperanza Reyes Rendon (Plaintiff); As to: T-Mobile USA Inc. (Defendant); Service Date: 01/30/2024; Service Cost: 65.00; Service Cost Waived: No

**01/29/2024** First Class Action Complaint; Filed by: Esperanza Reyes Rendon, n (Plaintiff); As to: T-Mobile USA Inc. (Defendant)

**12/06/2023** Initial Status Conference scheduled for 04/19/2024 at 10:00 AM in Spring Street Courthouse at Department 14

**12/06/2023** Initial Status Conference Order; Signed and Filed by: Clerk

**12/06/2023** The case is placed in special status of: Stay - Deemed Complex

**12/06/2023** The case is placed in special status of: Deemed Complex

**12/06/2023** Minute Order (Court Order Re. Newly Filed Class Action;)

**12/06/2023** Certificate of Mailing for (Court Order Re. Newly Filed Class Action;) of 12/06/2023, Initial Status Conference Order; Filed by: Clerk

**12/06/2023** The case is removed from the special status of: Provisionally Complex ? Case Type

**11/08/2023** Case assigned to Hon. Kenneth R. Freeman in Department 14 Spring Street Courthouse

**11/07/2023** Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk

**11/07/2023** Voluntary Efficient Litigation Stipulation Packet; Filed by: Clerk

**11/07/2023** First Amended General Order re: Mandatory Electronic Filing; Filed by: Clerk

**11/07/2023** Alternate Dispute Resolution Packet; Filed by: Clerk

**11/07/2023** Civil Case Cover Sheet; Filed by: Esperanza Reyes Rendon, n (Plaintiff); As to: T-Mobile USA Inc. (Defendant)

**11/07/2023** Summons on Complaint; Issued and Filed by: Esperanza Reyes Rendon, n (Plaintiff); As to: T-Mobile USA Inc. (Defendant)

**11/07/2023** Class Action Complaint; Filed by: Esperanza Reyes Rendon, n (Plaintiff); As to: T-Mobile USA Inc. (Defendant)

**11/07/2023** The case is placed in special status of: Class Action

**11/07/2023** The case is placed in special status of: Provisionally Complex ? Case Type

ALVIN M. GOMEZ, ESQ. (SBN 137818)
alvingomez@thegomezlawgroup.com
BORIS SMYSLOV, ESQ. (SBN 297252)
boris@thegomezlawgroup.com
**GOMEZ LAW GROUP**
2725 Jefferson Street, Suite 3
Carlsbad, California 92008
Telephone: (858) 552-0000
Facsimile: (760) 542-7761

Electronically FILED by Superior Court of California, County of Los Angeles 11/07/2023 10:21 AM David W. Slayton, Executive Officer/Clerk of Court, By D. Jackson Aubry, Deputy Clerk

Attorneys for Plaintiff Esperanza Reyes Rendon on behalf of himself, all others similarly situated, and the general public

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST., SUITE #3
CARLSBAD, CALIFORNIA 92008

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| Esperanza Reyes Rendon, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE USA, INC., a Delaware corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 23STCV27370<br><br>**CLASS ACTION COMPLAINT FOR:**<br>**1) UNFAIR BUSINESS PRACTICES;**<br>**2) CONVERSION;**<br>**3) NEGLIGENCE;**<br>**4) DECLARATORY RELIEF;**<br>**5) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>**6) FRAUD;**<br>**7) CONCEALMENT; AND**<br>**8) PERMANENT PUBLIC INJUNCTIVE RELIEF.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Esperanza Reyes Rendon (hereinafter referred to as "Plaintiff"), hereby alleges:

## I. PARTIES

1. Plaintiff is, and at all times herein mentioned was, an adult residing in the State of California. Plaintiff is of Hispanic heritage and has Spanish as a primary language.

2. Plaintiff is informed and believes and thereon alleges that Defendants T-MOBILE USA, Inc., and DOES 1 through 20, inclusive, (hereinafter jointly referred as "Defendants") are registered in, and operating throughout, the State of California, and nationwide, including within County of Los Angeles.

3. Plaintiff is ignorant of the true names and capacities of the defendants, sued herein as DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges that each of the fictitiously named defendants is negligently and/or fraudulently responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by each defendant's negligence and/or fraud.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants sued herein as a "DOE" was the agent and/or employee of each of the remaining defendants, and was at all times acting within the purpose and scope of such agency and/or employment.

5. At all times herein mentioned, DOES 1 through 10, inclusive, were the agents, and/or employees of defendants, and DOES 11 through 20, doing the things hereinafter alleged were acting within the scope and their authority as such agents, servants and employees and with the permission and consent of their co-defendants.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over T-MOBILE USA, INC. because T-MOBILE USA, INC. conducts business in the County of Los Angeles, State of California

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

and has sufficient minimum contacts in California and nationwide; or otherwise intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of its services to render the exercise of jurisdiction by this Court proper and necessary.

7. Venue is proper in Los Angeles County because many of the acts and omissions related to the liability of each Defendant occurred in Los Angeles County, California.

8. Plaintiff is informed, believes and thereon alleges that the amount in controversy, exclusive of interest and costs, exceeds $5,000,000.

## III. PLAINTIFF-SPECIFIC ALLEGAGIONS

9. Plaintiff is a long-term customer of Defendants and a subscriber of 5 telephone lines on her family telephone account offered by Defendants.

10. On or about October 23, 2023, Plaintiff discovered that her telephone bill contained extra charges of $18.00 for each of three out of five phones ($54.00 total) used on her family subscription plan. Upon further review, Plaintiff discovered that each of her Lines was additionally charged $3.49 for "Regulatory Programs & Telco Recovery Fee" under the large heading "TAXES & FEES."

11. Plaintiff learned, that when she renewed her or her family members' cellular phones with Defendants she was also signed up to add-on: device protection plan also known as insurance by Defendants without her knowledge and/or consent.

12. Plaintiff is Hispanic. She is a Spanish speaker. When Plaintiff purchased additional phones, the purchase was made by a sales representative on an electronic pad. Plaintiff was not offered any brochures or documents in Spanish and did not explain that insurance is being added to Plaintiff's phone, or that there are any documents that she is needed to sign. Sales Representative never explained to Plaintiff that she will be charged "Regulatory Programs & Telco Recovery Fee" on each of her cell phones in addition to paying for her plan.

13. Plaintiff reviewed her billing statements for the last 18 months and

discovered that she has been charged extra $18.00 for each of the three most recently purchased cellular phones every month, increasing her monthly bill by $54.00 at least for the last 18 months. Additionally, she was charged $3.49 for each of four phone lines she had, additionally increasing her monthly bill for $13.96.

14. Plaintiff was not offered an option to purchase a phone without protection plan. Accordingly, without her knowledge and/or consent she was subjected for an unwarranted payment of $54.00 for insurance and $13.96 "Regulatory Programs & Telco Recovery Fee" every month.

## IV. PLAINTIFF'S GENERAL ALLEGATIONS

15. Defendants' agents, employees and sales representatives ("Representatives") were trained to sell not only cellphones, but add-ons such as device protection plans also known as insurance, travel coverage, etc. (collectively referred as "Add-ons"). The training of personnel includes training how to sell Add-ons to the devices. The Defendants incentivized their representatives to sell insurance so that Defendants can earn substantial revenue from the sale of Add-ons.

16. Defendants provided reduced commissions for sale of cellular phones but provided commissions starting from $4.00 for each insurance sold.

17. The Defendants offered and paid incentives and bonuses to their Representatives to sell and add Add-ons. This incentive process increased the opportunity of fraud and undue influence that the insurance is inseparable from the particular cell phone service plans. In reality Defendants' sales representatives sold and put Add-ons on the plan unbeknownst to the consumer. The Defendants targeted minority groups, particularly, Hispanics, and used the following language: "Insurance is a requirement;" "The plan comes with insurance;" "Part of the plan includes insurance;" "It is a bundle that includes insurance with the phone;" and "This is what it is."

18. Defendants' Representatives control the buttons on the device used to sign a contract with Defendants and added extra Add-ons, such as insurance, without

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

knowledge of consumer. Defendants knew or should have known that consumers trust Defendants based on the representations made the time the sell was made and rarely look closely at the bills sent by Defendants thereafter.

19. Furthermore, when cell phones were sold they were often advertised as "free" but in fact they were not free. Defendants charged customer for the following 24 month but also provided a company credit. However, if the cell phone is lost or stolen, consumer is left with the 24 months balance but without company credit: even if consumer loses the phone on day one, he or she remains liable to Defendants for the balance.

20. Defendants offer customers no brochures on insurance or how insurance works. The Defendants failed to provide adequate information or explanation to the consumers in order to increase the revenue for the Defendants.

21. Commonly, during the sale or issuance of a new device to a customer, Defendants' sales representative simply hits the button for Add-ons, such as insurance coverage and adds it. The sales representative controls the screen and often hits "accept" or insurance and the customer does not even realize that insurance was added.

22. Class members are not provided brochures in their primary language (for example, Spanish) and insurance contract.

23. Upon information and belief, if a customer complains to customer service of Defendants, customer is not offered a refund, but only a credit towards future Defendants' services.

24. Moreover, the commission-based structure is used to incentivize sales representatives and employees of Defendants to use creative and convincing language to add Add-ons, such as insurance, or North America Family Feature, or Travel to unsuspecting customers.

25. Plaintiff is informed and believes that Defendants, their agents and employees, routinely add various Add-ons to the plan without the knowledge and consent of the customer.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

26. As a result of the negligent and wrongful conduct of Defendants, Plaintiff and Class members have sustained injuries.

27. As a further result of the conduct of Defendants, Plaintiff and Class members incurred pecuniary losses as a result of the actions and inactions herein described.

28. Furthermore, Defendants perpetrate a bait-and-switch schemed against their wireless service customers. prominently advertises particular flat monthly rates for its post-paid wireless service plans. Then, after customers sign up, Defendants actually charge higher monthly rates than the customers were promised and agreed to pay. Defendants covertly increases the actual price by padding all post-paid wireless customers' bills each month with a bogus so-called "Regulatory Programs & Telco Recovery Fee" (hereinafter "Regulatory Fee") (currently $2.99 every month for each phone line for Telco Recovery Fee and $0.50 every month for each phone for Regulatory Programs, total of $3.49 per line per month) on top of the advertised price. The Regulatory Fee is not disclosed to customers before or when they sign up, and in fact it is never adequately and honestly disclosed to them. The so-called Regulatory Fee is not, in fact, a bona fide Regulatory Fee, but rather is simply a means for Defendants to charge more per month for the service itself without having to advertise the higher prices.

29. Through this scheme, Defendants have unfairly and improperly extracted hundreds of millions of dollars in ill-gotten gains from California consumers.

30. The -first time Defendants even mentions the existence of the Regulatory Fee is on customers' monthly billing statements, which they begin receiving only after they sign up for the service and are financially committed to their purchase.

31. Making matters worse, Defendants deliberately hide the Regulatory Fee in the billing statements. In Defendants' printed monthly billing statements, Defendants intentionally bury the Regulatory Fee in a portion of the statement that: (a) makes it likely customers will not notice it; and (b) by putting it under heading "TAXES & FEES BREAKDOWN" misleadingly suggesting that the Regulatory Fee is akin to a tax or

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

another standard government pass-through fee, when in fact it is simply a way for Defendants to advertise and promise lower rates than they actually charge. Thus, by Defendants' own design, the printed monthly statements serve to further Defendants' scheme and keep customers from realizing they are being overcharged. Moreover, in Defendants' online billing statements that Plaintiff and numerous other Defendants' wireless customers receive in lieu of printed statements (Defendants encourage customers to sign up for online billing), the default view for the billing statements does not even include any line item at all for the Regulatory Fee that Defendants systematically charge to all of their post-paid customers.

32. Deep within Defendants' website—where by design it is unlikely to be viewed by consumers, and certainly not before they purchase their wireless service plans—there is currently a purported description of the Regulatory Fee. Not only does this description fail to constitute an adequate disclosure of the Regulatory Fee, it serves to further Defendants' deception and scheme by suggesting that the Regulatory Fee is tied to certain costs associated with Defendants providing wireless telephone services (interconnect charges and cell site rental charges).

33. Assuming this description were accurate, it would merely reinforce that this undisclosed fee should be included in the advertised monthly price for the service because those are basic costs of providing wireless service itself, and thus a reasonable consumer would expect those costs to be included in the advertised price for the service. Moreover, on information and belief, the fee is not, in fact, tied to the costs that Defendants buried description suggests. This is corroborated by the fact that Defendants have repeatedly increased the amount of the monthly Regulatory Fee since the fee was first imposed, while during that same time period the stated costs that the Regulatory Fee is purportedly paying for (i.e., interconnect charges and cell site rental charges) have actually decreased according to Defendants' financial statements.

34. In all events, Defendants should clearly disclose the Regulatory Fee and should clearly and accurately state the true monthly prices for its post-paid wireless

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

service plans in its price representations and advertising. Defendants have failed to do so, and continues to fail to do so.

35. Defendants began sneaking the Regulatory Fee into all of their post-paid wireless service customers' bills in or before 2016. For customers who had signed up prior to that time, and who reasonably expected to pay the monthly rates that Defendants advertised, Defendants made no disclosure to them that this additional charge could or would be added to drive up the true monthly price. The first time these customers could have possibly learned about the existence of the Regulatory Fee was, if they noticed it, on a monthly statement when the fee was introduced, which they would have received months or even years after they signed up with Defendants. For customers who signed up after the Regulatory Fee was first introduced, Defendants likewise made no disclosure to them, in their advertising or during the sign-up process, of the existence of the Regulatory Fee or that the true monthly price of the service plans would actually be higher than advertised and represented because of this bogus fee.

36. In essence, Defendants introduced the bogus Regulatory Fee as a way to covertly increase the actual monthly price customers are charged for their service, and then has continued to use the Regulatory Fee and unilateral increases thereto as a lever by which Defendants continue to ratchet up the price without the customer realizing and after the customer is already committed. This scheme has enabled, and continues to enable, Defendants to effectively increase their rates without having to publicly announce those higher rates, and allows Defendants to entice more customers by misrepresenting the costs customers would pay both in absolute terms and relative to other wireless providers in the industry.

37. Plaintiff, by this action, seeks a public injunction to enjoin Defendants from its false advertising practice and to require Defendants to disclose to the consuming public, in advance, the true costs consumers will pay for Defendants' wireless services.

38. Plaintiff further seeks, on behalf of herself and a class of all similarly situated California consumers, an award of damages, restitution, pre- and post-

judgment interest, attorneys' fees and costs, and permanent injunctive relief, including but not limited to that Defendants discontinue charging Plaintiff and the putative class members the improper Regulatory Fees and Add-ons.

## V. CLASS ALLEGATIONS

39. Plaintiff brings this action on his own behalf, and on behalf of herself and as a class action on behalf of the following **Insurance Class**:

> All California residents whose monthly invoice includes Add-ons such as device protection plan (insurance), Travel insurance and/or other addons that are contained in the monthly statements to the consumer.

40. Plaintiff also seeks to represent the following class of California consumers: **Regulatory Fee Class**:

> All California residents whose monthly invoice includes a "Regulatory Programs & Telco Recovery Fee" by Defendants.

41. Class members can be identified through Defendants' records including sales, product, and customer records. Plaintiff will revise the class definition based upon information learned through discovery. If it is discovered that there is a feasible nationwide class of persons injured by Defendants' practices alleged herein, Plaintiff reserves the right to amend the Complaint and to introduce a nationwide class.

42. Together, the Insurance Class and Regulatory Fee Class shall be collectively referred to herein as the "Class."

43. This action has been brought and may be properly maintained on behalf of the class proposed herein because it satisfies all class action requirements.

44. The members of the Class are readily identifiable and ascertainable from Defendants' records including sales, product, and customer records.

45. The members of the Class are so numerous and geographically dispersed that individual joinder of all class members is impracticable, in that there are potentially hundreds of thousands of persons throughout the state of California that were affected

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

by Defendants' practices as consumers.

46. Class members may be notified of the pendency of this action by recognized, court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

47. Certification of Plaintiff's claims for Class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

48. This action involves common questions of law and fact, which predominate over any questions affecting individual class members, including, without limitation:

1) Whether Defendants sold Add-ons without independently identified agreement for the services offered;
2) Whether Defendants allowed its managers, employees, agents or representatives to sell its customers Add-ons without customers' knowledge and/or consent;
3) Whether Defendants knew or had reasons to know that involuntary subscription to Add-ons were causing Class members to be charged for Add-ons they did not elect;
4) Whether Defendants' actions and conduct resulted from the failure of Defendants to exercise the duty of care which Defendants owed to the Class members and thereby constituted negligence on the part of Defendants;
5) Whether Defendants' conduct as described constituted unfair competition and/or deceptive acts or practices under the laws of the State of California;
6) Whether Defendants' conduct and actions constituted a breach of implied covenant of good faith and fair dealing with the Class members;
7) Whether Defendants' conduct and actions constituted conversion of monies due to the Class members;
8) Whether Defendants' description of Regulatory Fee is false;
9) Whether Defendants should have disclosed the Regulatory Fee and its dollar amount as part of the advertised price of its post-paid wireless services;
10) Whether the Regulatory Fee and the true price of Defendants' post-paid wireless services are material information, such that a reasonable consumer would find that information important to their purchase decision;
11) Whether a reasonable consumer is likely to be deceived by Defendants' conduct and omissions alleged herein;
12) Whether Defendants explained terms and conditions of the services offered to non-English speaking customers in their native languages;
13) Whether Defendants' employees, agents and/or representatives controlled the pads containing the choices of Add-ons subscribed

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

to the customer's plan; and

14) Whether Class members have been damaged as a result of actions and/or inactions of Defendants and, if so, the proper measure of such damages.

49. Plaintiff's claims are typical of the claims of the other Class members because all members of the Class were involuntarily subscribed by Defendants to the device protection plans and subjected to Regulatory Fee and thus suffered injury from Defendants' false statements and misrepresentations about the services sold to each Class member.

50. Plaintiff is an adequate representative of the Class, in that Plaintiff's claims are typical of those of Class members, and Plaintiff has the same interests in the litigation of this case as Class members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel experienced in litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the Class as a whole. Plaintiff anticipates no management difficulties in this litigation.

51. Additionally, this action is suitable for certification because Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate relief as described below.

52. This action is suitable for certification because, as noted above, the common questions predominate over any individual issues, a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this Class action. In particular, the damages or other financial detriment suffered by Plaintiff and each class member are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for the members of the Class to seek redress individually for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. ARBITRATION PROVISION IS INAPPLICABLE

57. Defendant T-MOBILE USA, INC.'s has form "Terms and Conditions" for its' customers. At all relevant times, this contract has included materially the same arbitration provision that, according to its terms and as drafted by Defendant T-MOBILE USA, INC., is null and void in its entirety here.

58. Under California law, parties may not agree to waive the right to seek public injunctive relief under California's Unfair Competition Law, False Advertising Law, and the Consumer Legal Remedies Act in any forum, and any such agreements are contrary to California public policy and are unenforceable. *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017).

59. Defendant T-MOBILE USA INC.'s Terms and Conditions, which purport to govern the services at issue here for Plaintiff and all proposed Class members, may include an arbitration agreement, which, in pertinent part, states: "The arbitrator may award on an individual basis any relief that would be available in a court, including injunctive or declaratory relief and attorneys' fees. If you seek injunctive or declaratory relief, you agree that the arbitrator may award injunctive or declaratory relief in favor of you alone, and only to the extent necessary to resolve your individual claim." This language purports to bar the arbitrator from granting the type of public injunctive relief authorized under California law as a remedy for claims under California's Unfair Competition Law, False Advertising Law, and the Consumer Legal Remedies Act. As Arbitration Agreement purports to require the parties to arbitrate "all disputes and claims," the arbitration provision thus purports to bar the parties from seeking public injunctive relief in any forum. Such a provision is unenforceable under *McGill*.

60. Furthermore, Defendants may claim the arbitration agreement contains

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

a provision, stating: "In any action between you and us, if a court or an arbitrator determines that any part of this arbitration provision or Class and Mass Action Waiver is unenforceable with respect to any claim, remedy, or request for relief, then the arbitration provision and Class and Mass Action Waiver will not apply to that claim, remedy, or request for relief." (underline in original).

61. Because potential Arbitration Agreement for the Unfair Business Practices Act and Consumer Legal Remedies Act is an improper waiver of public injunctive relief in any forum, Arbitration Agreement is "null and void" to these claims in their entirety and Class or Mass action waiver is inapplicable to these claims.

62. Furthermore, purported Arbitration Agreement is Procedurally and Substantially unconscionable.

63. The purported Arbitration Agreement is hidden within the Terms and Conditions of Defendant T-MOBILE USA, INC. which are not provided to customers when applying for the services or purchasing a device from Defendants. The sign-up process is fully controlled by Defendants' Sale Representatives who operate the electronic pad which is used by Defendants to perfect the sale ti Class members. Even if it was offered to Class members, this Arbitration Agreement has no opt-out provision and is provided on take-it-or-leave-it basis.

64. The purported Arbitration Agreement is also substantively unconscionable, as it imposes a 60-days notice requirement on a customer who wishes to enforce his, her or its' rights under the contract.

65. Furthermore, the purported Arbitration Agreement limits consumer right to file a case as a class or mass action, when, given the amount of potential individual recovery and cost of retaining a legal counsel becomes prohibitive. The arbitration agreement also denied consumers right to a jury trial.

66. More importantly, Plaintiff was never provided Terms and Conditions containing the purported Arbitration Agreement in Spanish. Plaintiff did not even check a box agreeing to the Terms and Conditions. The Sales Representative of Defendants

consummated the contract between Plaintiff and Defendants without informing her whether it included T-Mobile's Terms and Conditions or any Arbitration Agreement, much less providing her with these documents in Spanish. Accordingly, Plaintiff never agreed to the Arbitration Agreement of Defendant T-MOBILE USA, INC.

67. Defendants cannot establish who was the person checking the box: Plaintiff, Class member or Defendants' Representatives. Defendants had control over the accept or decline box, Defendants' Representatives in conclusion were the ones who checked the box.

## FIRST CAUSE OF ACTION

**Unfair Business Practices Act (Business and Professions Code Section 17200)**

(On behalf of Plaintiff, Insurance Class, and Regulatory Fee Class Members against all Defendants)

68. Plaintiff repeats and incorporates herein by reference each and every allegation in paragraphs I through 67, inclusive, as though fully set forth herein.

69. Plaintiff brings this cause of action individually and on behalf of all others similarly situated.

70. By engaging in the acts and practices described above, Defendants committed one or more acts of "unfair competition" within the meaning of Business and Professions Code section 17200. "Unfair competition" is defined to include any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [Business & Professions Code § 17500 et seq.]."

71. Defendants committed "unlawful" business acts or practices, by, among other things, engaging in false advertising in violation of Business and Professions Code section 17500 as described below.

72. Defendants committed "unfair" business acts or practices by, among other things:

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

a. Engaging in conduct where the utility of such conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and Class members;

b. Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and Class members;

c. Engaging in conduct that undermines or violates the spirit or intent of the consumer protection;

d. When and if a customer complains sufficiently, Defendants do not provide a cash refund of the overcharges but, rather, provide a credit to the customer instead of refunding the customer's money; and

e. The credit issued by Defendants does not make the customer whole.

73. Defendants committed "fraudulent" business acts or practices by, among other things, engaging in conduct Defendants knew or should have known was likely to and did deceive the public, including Plaintiff and other Class members.

74. As detailed above, Defendants' unlawful and unfair practices include, but are not limited to, subscribing customers without their knowledge and/or consent to Add-ons.

75. Plaintiff and Class members lost money and suffered injury in fact when they were forced to pay for the Add-ons which they did not voluntarily purchase and Regulatory Fee which was never disclosed beforehand along with their bills.

76. Plaintiff and Class members seek restitution, declaratory and injunctive relief, and other relief allowable under Section 17200, et seq.

77. Particularly, Plaintiff and Class members seek equitable relief that Defendants be enjoined from their practice of unknowingly subscribing their customers to Add-ons and charging Regulatory Fees without disclosing them as a part of the plan advertised.

/ / /

/ / /

/ / /

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

## SECOND CAUSE OF ACTION

### Conversion

(On behalf of Plaintiff, Insurance Class, and Regulatory Fee Class Members against all Defendants)

78. Plaintiff repeats and incorporates herein by reference each and every allegation in paragraphs I through 67, inclusive, as though fully set forth herein.

79. At all times relevant hereto, Plaintiff and the other members of the Class were, and still are, the owners of the monies paid to Defendants for Add-ons billed by Defendants for Add-ons even though Plaintiff and Class members never knew/consented to the subscriptions for which they were billed, as well as the monies paid by them for excess taxes and surcharges incurred by them as a result of the improper billing of involuntary Add-ons. The property described above has a value to be determined.

80. Furthermore, at all times relevant hereto, Plaintiff and the other members of the Class were, and still are, the owners of the monies paid to Defendants for Regulatory Fee billed by Defendants in addition to their plans' costs even though Plaintiff and Class members never knew/consented to the Regulatory Fee for which they were billed, as well as the monies paid by them for excess taxes and surcharges incurred by them as a result of the improper billing of Regulatory Fee. The property described above has a value to be determined.

81. Defendants took the property described above from the possession of Plaintiff and the other members of the Class and converted the same to Defendants' own use by billing Defendants' customers for Add-ons and Regulatory Fee even though Defendants' customers never consented to the imposition of Add-ons and Regulatory Fee for which they were billed.

82. Between the time of Defendants' conversion of the above-described property to their own use and the filing of this action, Plaintiff undertook the

investigation and efforts described above in pursuit of the converted property, all to Plaintiffs farther damage in an amount to be determined at trial.

83. Defendants, without claim of right and without legal justification, took the above-mentioned property from the possession of Plaintiff and the other members of the Class and converted it to Defendants' own use. Therefore, Plaintiff has not made a demand for return of the properly. Although not required to make a demand, Plaintiff does hereby demand return of all monies wrongfully paid on behalf of herself and the members of the Class.

84. As a direct and proximate result of Defendants' unlawful conversion of the monies belonging to Plaintiff and the other members of the Class, Plaintiff and the other members of the Class have been damaged in an amount according to proof at trial in excess of the minimum jurisdictional requirements of this Court.

85. In engaging in the acts of conversion alleged herein, Defendants acted in a willful, wanton and malicious manner, in callous, conscious and intentional disregard for the rights of Plaintiff and the other members of the Class, and with knowledge that their actions and conduct were substantially likely to vex, annoy and injure Plaintiff and the other members of the Class. As a result, Plaintiff and the other members of the Class are entitled to an award of punitive and exemplary damages against Defendants pursuant to California Civil Code section 3294, in an amount according to proof at trial.

**THIRD CAUSE OF ACTION**

**Negligence**

(On behalf of Plaintiff, Insurance Class, and Regulatory Fee Class Members against all Defendants)

86. Plaintiff repeats and incorporates herein by reference each and every allegation in paragraphs I through 67, inclusive, as though fully set forth herein.

87. Defendants owed a duty to Plaintiff and each member of the Class to exercise due care and diligence in placing charges for services on their bills.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

88. Defendants breached their duties of care to Plaintiff and the other members of the Class by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Plaintiff and the other members of the Class being billed for Add-ons and Regulatory Fee even though they never consented to the services for which they were billed.

89. Defendants' activities were a substantial factor in causing the damages to Plaintiff and the other members of the Class as complained of herein.

90. As a direct and proximate result of Defendants' negligence, Plaintiff and the other members of the Class have been damaged in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION

### Declaratory Relief

(On behalf of Plaintiff, Insurance Class, and Regulatory Fee Class Members against all Defendants)

91. Plaintiff repeats and incorporates herein by reference each and every allegation in paragraphs I through 67, inclusive, as though fully set forth herein.

92. An actual controversy has arisen and now exists between Plaintiff and the other members of the Class, on one hand, and Defendants on the other hand, concerning their respective rights and duties in that Plaintiff and the other members of the Class contend that Defendants are engaging in and continue to engage in improper practices as described herein, while Defendants contend that their actions and conduct are lawful and proper.

93. A judicial declaration is necessary and appropriate at this time, under the circumstances presented, in order that Plaintiff and the other members of the Class may ascertain their rights and duties with respect to the practices described herein.

/ / /

/ / /

/ / /

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

**FIFTH CAUSE OF ACTION**

**Breach of Implied Covenant of Good Faith and Fair Dealing**

(On behalf of Plaintiff, Insurance Class, and Regulatory Fee Class Members against all Defendants)

94. Plaintiff repeats and incorporates herein by reference each and every allegation in paragraphs I through 67, inclusive, as though fully set forth herein.

95. In every contract or agreement there is an implied promise of good faith and fair dealing. This implied promise means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract. Good faith means honesty of purpose without any intention to mislead or to take unfair advantage of another.

96. Plaintiff and Class members entered into a contract with Defendants for services, which does not include Add-ons. Add-ons were optional separate services which can be purchased altogether with the purchase of a new device.

97. While Plaintiff and Class Members agreed to the general terms of the contract, they did not require inclusion of Add-ons in their contracts.

98. Plaintiff and Class members entered into a contract with Defendants for services, which does not disclose Regulatory Fee. Regulatory Fee is arbitrarily calculated and imposed by Defendants to increase their revenue while advertising plans for a price that does not disclose Regulatory Fee.

99. Defendants, using their position of drafters of the agreements, added Add-ons which were not requested by Plaintiff and/or Class members for Defendants' benefit to include additional charges to Plaintiff and Class members' bills.

100. Defendants, using their position of the party issuing bills, added Regulatory Fee which were not disclosed to Plaintiff and/or Class members beforehand for Defendants' benefit to include additional charges to Plaintiff and Class members' bills.

101. Defendants did not act fairly and in good faith when they subscribed Plaintiff and Class members to the services they did not request or even knew about.

102. Defendants did not act fairly and in good faith when they charged Plaintiff and Class members the Regulatory Fee that was not previously disclosed.

103. Plaintiff and Class members were harmed by these actions of Defendants in form of increased bills they were forced to pay by Defendants.

## SIXTH CAUSE OF ACTION

### Fraud

(On behalf of Plaintiff, Insurance Class, and Regulatory Fee Class Members against all Defendants)

104. Plaintiff repeats and incorporates herein by reference each and every allegation in paragraphs I through 67, inclusive, as though fully set forth herein.

105. Defendants made representations to Plaintiff and Class Members that they have to purchase Add-ons with every new device, even though these representations were false. Such false representations included, but not limited to, the following false statements:

- Insurance is a requirement;
- The plan comes with insurance;
- Part of the plan includes insurance;
- It is a bundle that includes insurance with the phone; and
- This is what it is.

106. Defendants knew that the representations were false when made by them, but instead of stopping the misrepresentations incentivized their representatives, agents and/or employees to continue these misrepresentations in form of commissions.

107. Plaintiff and Class members reasonably relied upon said misrepresentations and were harmed in a form of avoidable and unnecessary charges on their bills from Defendants.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

108. Reliance on the misrepresentations made by Defendants was a substantial factor in causing harm to Plaintiff and Class Members.

109. Furthermore, Defendants made representations to Plaintiff and Class Members that they offer phone plans for a certain price, while knowingly hid from Plaintiff and Class Members that they will be charged Regulatory Fee on each pone line in addition to paying for their phone plans.

110. Plaintiff and Class members reasonably relied upon said misrepresentations and were harmed in a form of previously undisclosed additional charges on their bills from Defendants.

111. Reliance on the misrepresentations made by Defendants was a substantial factor in causing harm to Plaintiff and Class Members.

112. In engaging in the acts of fraud alleged herein, Defendants acted in a willful, wanton and malicious manner, in callous, conscious and intentional disregard for the rights of Plaintiff and the other members of the Class, and with knowledge that their actions and conduct were substantially likely to vex, annoy and injure Plaintiff and the other members of the Class. As a result, Plaintiff and the other members of the Class are entitled to an award of punitive and exemplary damages against Defendants pursuant to California Civil Code section 3294, in an amount according to proof at trial.

**SEVENTH CAUSE OF ACTION**

**Concealment**

(On behalf of Plaintiff, Insurance Class, and Regulatory Fee Class Members against all Defendants)

113. Plaintiff repeats and incorporates herein by reference each and every allegation in paragraphs I through 67, inclusive, as though fully set forth herein.

114. Defendants intentionally failed to disclose to Plaintiff and Class Members that they are able to not subscribe to the Add-ons, and/or going to be charged for Add-ons and/or going to be charged for Regulatory Fee for the devices they are purchasing.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

115. Plaintiff and Class members did not know that they were subscribed to Add-ons and did not know that the devices they purchase carry mandatory Regulatory Fee in addition to the price of the plan offered by Defendants.

116. Defendants intended to deceive Plaintiff and Class members by concealing these facts.

117. Had Defendants disclose to Plaintiff and Class members that they are being subscribed for Add-ons, Plaintiff and Class Members reasonably would have behaved differently.

118. Had Defendants disclose to Plaintiff and Class Members that in addition to the price of the plan they will have to pay Regulatory Fee on each phone, Plaintiff and Class Members reasonably would have chosen other plans or even other carriers who request more competitive price for their services.

119. Plaintiff and Class members were harmed in a form of previously undisclosed additional charges on their bills from Defendants.

120. The concealment of additional charges and/or services by was a substantial factor in causing harm to Plaintiff and Class Members.

121. In engaging in the acts of concealment alleged herein, Defendants acted in a willful, wanton and malicious manner, in callous, conscious and intentional disregard for the rights of Plaintiff and the other members of the Class, and with knowledge that their actions and conduct were substantially likely to vex, annoy and injure Plaintiff and the other members of the Class. As a result, Plaintiff and the other members of the Class are entitled to an award of punitive and exemplary damages against Defendants pursuant to California Civil Code section 3294, in an amount according to proof at trial.

/ / /

/ / /

/ / /

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

## EIGHTH CAUSE OF ACTION

**Permanent Public Injunctive Relief**

(On behalf of Plaintiff, Insurance Class, and Regulatory Fee Class Members against all Defendants)

122. Plaintiff repeats and incorporates herein by reference each and every allegation in paragraphs I through 67, inclusive, as though fully set forth herein.

123. If not enjoined by this Court, Defendants will continue to injure the general public through its false advertising and omissions alleged herein, which are directed at the consuming public, including in California.

124. In order to prevent injury to the general public, Plaintiffs individually seek public injunctive relief in the form of a judgment and injunction to permanently enjoin Defendants from their false advertising and to require Defendants to disclose to the public in advance the true prices consumers will pay if they sign up for Defendants' wireless services, including the disclosure of the services consumers are being subscribed to and their right to decline any Add-ons, or as the Court otherwise deems just and proper.

125. The balance of the equities favors the entry of permanent public injunctive relief. The general public will continue to be harmed, and Defendants' unlawful behavior is likely to continue, absent the entry of permanent public injunctive relief. Therefore, a public injunction is in the public interest.

WHEREFORE, Plaintiff Esperanza Reyes Rendon individually and on behalf of others similarly situated, respectfully request that this Court:

1. Determine that the claims alleged herein may be maintained as a class action, and issue an order certifying one or more Classes as defined above;
2. Appoint Plaintiff Esperanza Reyes Rendon as the representatives of the Class(es) and her counsel as Class counsel;

3. Award compensatory damages according to proof;
4. Award costs of suit herein incurred;
5. Award pre-judgment and post-judgment interest on such monetary relief;
6. Grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Defendants: 1) enjoin from enrolling to and billing its customers for Add-ons which were not disclosed to and/or requested by their customers; 2) forcing customers to enroll into Add-ons when obtaining a new device from Defendants without an option to opt-out and still purchase the device;
7. Award reasonable attorneys' fees and costs under California Code of Civil Procedure section 1021.5, and all other applicable statutory and prudential authority for such;
8. Permanently enjoin Defendants from engaging in the misconduct alleged herein, and order Defendants to discontinue signing their customers in California to Add-ons without disclosing these Add-ons and customers' right to refuse these services and still purchase new devices from Defendants;
9. Permanently enjoin Defendants from engaging in the misconduct alleged herein, and order Defendants to discontinue hiding Regulatory Fee from its customers while advertising their services;
10. Retain jurisdiction to monitor Defendants' compliance with the permanent injunctive relief;
11. Award punitive damages; and
12. Grant any other relief or damages allowed by law, or statutes not set out above, and such other and further relief as the court may deem proper.

/ / /
/ / /
/ / /

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

Dated: November 7, 2023

**GOMEZ LAW GROUP**
By: ____________________.
Alvin M. Gomez, Esq.
Boris Smyslov, Esq.
Attorney for Plaintiff

**DEMAND FOR TRIAL BY JURY**

Plaintiff Esperanza Reyes Rendon hereby demands a trial by jury.

Dated: November 7, 2023

**GOMEZ LAW GROUP**
By: ____________________
Alvin M. Gomez, Esq.
Boris Smyslov, Esq.
Attorney for Plaintiff

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/07/2023 10:21 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
T-MOBILE USA, INC., a Delaware corporation, and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Esperanza Reyes Rendon, on behalf of herself, all others similarly situated, and the general public

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court
111 N Hill Street, Los Angeles, Clifornia 90012

CASE NUMBER:
*(Número del Caso):*
23STCV27370

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alvin M. Gomez, Esq., GOMEZ LAW GROUP PC, 2725 Jefferson Street, Ste 3, Carlsbad, California 92008

DATE: 11/07/2023
*(Fecha)*

Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy
*(Secretario)* D. Jackson Aubry *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* T-MOBILE USA, INC., a Delaware corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Alvin M. Gomez, Esq. (SBN 137818) GOMEZ LAW GROUP PC
2725 Jefferson Street, Suite 3, Carlsbad, California 92008
TELEPHONE NO.: (858) 552-0000 FAX NO. *(Optional)*: (760) 542-7761
E-MAIL ADDRESS: alvingomez@thegomezlawgroup.com
ATTORNEY FOR *(Name)*: Esperanza Reyes Rendon

*FOR COURT USE ONLY*

**Electronically FILED by Superior Court of California, County of Los Angeles 11/07/2023 10:21 AM David W. Slayton, Executive Officer/Clerk of Court, By D. Jackson Aubry, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Esperanza Reyes Rendon, et al. v. T-MOBILE USA, INC., et al.

**CIVIL CASE COVER SHEET**

[X] **Unlimited** (Amount demanded exceeds $25,000)
[ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 23STCV27370
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: Eight
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 7, 2023
Alvin M. Gomez
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET



**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
  - Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Esperanza Reyes Rendon, et al. v. T-MOBILE USA, INC., et al. | 23STCV27370 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Esperanza Reyes Rendon, et al. v. T-MOBILE USA, INC., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☑ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Esperanza Reyes Rendon, et al. v. T-MOBILE USA, INC., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Contract (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels ______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| Judicial Review | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Esperanza Reyes Rendon, et al. v. T-MOBILE USA, INC., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Provisionally Complex Litigation (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |