UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ESPERANZA REYES RENDON,
Plaintiff,
v.
T-MOBILE USA, INC., *et al*.,
Defendants.

Case No. 2:24-cv-01666-FLA (KSx)

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [DKT. 37]**

**RULING**

Before the court is Plaintiff Esperanza Reyes Rendon's ("Plaintiff" or "Rendon") Motion for Reconsideration ("Motion"). Dkt. 37 ("Mot."); Dkt. 37-1 ("Mot. Br."). Defendant T-Mobile USA, Inc. ("Defendant" or "T-Mobile") opposes this motion ("Opposition"). Dkt. 38 ("Opp'n"). On October 2, 2024, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for October 4, 2024. Dkt. 43; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court DENIES the Motion.

**BACKGROUND**

Rendon, a long-time customer of T-Mobile, initiated this action to challenge the imposition of various service fees and surcharges on her billing statements. FAC ¶¶ 9–10.[1] Rendon asserts causes of action against T-Mobile for unfair business practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq*., false advertising in violation of Cal. Bus. & Prof. Code § 17500, *et seq*., violations of California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*), conversion, negligence, breach of the implied covenant of good faith and fair dealing, fraud, and concealment. *See generally id.*

Rendon brings this action on behalf of herself and two discrete classes: (1) "All California residents whose monthly invoice includes Add-ons such as device protection plan (insurance), Travel insurance and/or other addons that are contained in the monthly statements to the consumer"; and (2) "All California residents whose monthly invoice includes a 'Regulatory Programs & Telco Recovery Fee' by Defendants." *Id.* ¶¶ 67–68 (reproduced as stated in original).

T-Mobile moved for an order compelling arbitration of Rendon's claims, based on Rendon's prior assent to a mandatory arbitration provision. Dkt. 15. The court

---

[1] T-Mobile removed the action to this court on February 29, 2024. Dkt. 1 ("Notice of Removal"). The First Amended Complaint ("FAC") was attached as an exhibit to the Notice of Removal in Dkts. 1-2 and 1-3.

granted the Motion on August 30, 2024, and ordered Plaintiff's individual claims to binding arbitration while staying Plaintiff's representative claims pending a decision by the arbitrator or further order by the court. Dkt. 36 ("Order"). The arbitrator must consider and decide the parties' arguments regarding the enforceability, applicability, and validity of the arbitration agreement before arbitrating Plaintiff's individual claims on their merits. *Id.* at 8.

On September 6, 2024, Rendon filed the subject Motion pursuant to Local Rule 7-18 and Fed. R. Civ. P. ("Rule") 60(b), requesting the court reconsider and deny the underlying Motion to Compel Arbitration (Dkt. 15). Mot. Br. Alternatively, Rendon seeks leave to file an interlocutory appeal under 28 U.S.C. § 1292(b). *Id.* at 13–14.[2]

## DISCUSSION

### I. Motion for Reconsideration

Reconsideration of a court's order is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted) (discussing reconsideration under Rule 59(e)). A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). The movant bears the burden of proving reconsideration is proper. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (noting it was the movant's burden "to establish that the district court committed clear error").

In this district, motions for reconsideration are also governed by Local Rule 7-18, which provides:

---

[2] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion. …

"Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." *Gish v. Newsom*, Case No. 5:20-cv-00755-JGB (KKx), 2020 WL 6054912, at *2 (C.D. Cal. Oct. 9, 2020) (citation omitted). Ultimately, it is within the court's discretion whether to grant a motion for reconsideration. *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Courts in this district interpret Local Rule 7-18 to be "coextensive with Rules 59(e) and 60(b)." *Reed v. Wells Fargo Bank, N.A.*, Case No. 2:21-cv-07545-JVS (MRWx), 2022 WL 16859655, at *2 (C.D. Cal. Aug. 24, 2022).

Rendon argues there was a significant change in California law that abrogated the legal standard the court applied in deciding the underlying Motion to Compel Arbitration. Mot. Br. at 5. Rendon states the Order quoted *Three Valleys Municipal Water District v. E.F. Hutton & Co.*, 925 F.2d 1136, 1139 (9th Cir. 1991), for the proposition that "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Mot. Br. at 6 (citing Order at 3). According to Rendon, the Supreme Court "rejected the application of special standing and rules for deciding whether to compel arbitration" in *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022),

abrogating the policy favoring arbitration. Mot. Br. at 6–8.

Rendon further contends the California Supreme Court's opinion in *Quach v. California Commerce Club, Inc.*, 16 Cal. 5th 562 (2024), represents a "significant change" in the law regarding arbitration agreements that warrants reconsideration. Mot. Br. at 6. In *Quach*, 16 Cal. 5th at 577, the California Supreme Court reevaluated the policy favoring arbitration under the California Arbitration Act, in light of the United States Supreme Court's ruling in *Morgan*. As the agreements at issue here arose under the Federal Arbitration Act—not the California Arbitration Act—*Quach* is inapposite, and Rendon's argument regarding a significant change in the applicable law fails. Nevertheless, the court will construe this portion of the Motion as an argument that the court committed clear error by applying a presumption abrogated by the United States Supreme Court in *Morgan*.

As stated in the Order, the undisputed evidence in the record established Plaintiff received notice of the arbitration agreement by e-mail, along with links to the full terms of T-Mobile's 2023 Terms and Conditions in both English and Spanish, and signed multiple equipment purchase and leasing agreements that contained arbitration provisions. Order at 5–6. Accordingly, the court found Rendon assented to a 2023 Terms and Conditions Agreement, establishing an express agreement to delegate arbitrability and questions of enforceability, validity, and scope of the agreement to the arbitrator. *Id.* While the Legal Standard section of the Order contained language Rendon contends has been overruled by *Morgan*, the court's reasoning was not based on and did not rely on any presumptions or assumptions favoring enforcement of the arbitration provision more than other contracts. *See* Order. Rendon's arguments regarding *Morgan*, *Quach*, and the quoted language from *Three Valleys* are inapposite to the court's ruling.

Accordingly, the court DENIES the Motion for Reconsideration.

**II. Interlocutory Appeal**

Under 28 U.S.C. § 1292(b), a district court may certify for interlocutory appeal

an otherwise not appealable order if three elements are satisfied: (1) the issue is a controlling question of law; (2) the issue offers substantial grounds for a difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The test is conjunctive, and failure to establish any element requires denial of the motion. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *Arenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan*, 283 F.3d 1064, 1067 n. 6 (9th Cir. 2002). Such a departure is "to be applied sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n. 11 (9th Cir. 1959). "[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" *Couch*, 611 F.3d at 633 (quotation marks omitted). "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.* (quotation marks omitted).

Rendon argues "there is a clear-cut controlling issue of law that would expedite the resolution of this case if decided promptly by the Court of Appeal." Mot. Br. at 14. Specifically, Rendon contends that under California contract law, parties may not be bound by an arbitration agreement that they passively received without some evidence that they expressly assented to the agreement. *Id.* According to Plaintiff, T-Mobile presented insufficient evidence to establish Rendon acknowledged or assented to the arbitration agreement at issue here, while Plaintiff presented evidence she did not assent expressly to arbitration. *Id.* at 10–12.

The Motion and supporting papers make clear that the parties do not dispute any question of law—Plaintiff disagrees only with the court's finding that T-Mobile presented sufficient evidence to establish Rendon agreed to delegate gateway issues of arbitrability to the arbitrator. *See* Order at 4–8. Plaintiff's disagreement with the

court's application of the law "does not establish a substantial ground for difference of opinion" sufficient to justify interlocutory appeal. *See Couch*, 611 F.3d at 633.

Therefore, there are no legitimate grounds for the court to certify an interlocutory appeal.

**CONCLUSION**

For the foregoing reasons, the court DENIES the Motion for Reconsideration.

IT IS SO ORDERED.

Dated: November 4, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge